## Silas Knox *v.* The State.

1. Theft — Evidence.— The State having proved the possession by the defendant of property recently stolen, he was clearly entitled to put in evidence his explanations of his possession made at the time.
2. Practice — Bill of Exceptions.— The court below erred in refusing to allow the defendant time to prepare his bill of exceptions.
3. Evidence.— See the opinion for evidence in a theft case *held* of first importance to the defense, and which should have been admitted.
4. Charge of the Court that fails to meet every phase of the case as made by the evidence is error.

Appeal from the District Court of Gonzales.   Tried below before the Hon. E. Lewis.

The indictment was for the theft of a mare, the verdict guilty, and the punishment assessed was five years in the penitentiary.

T. C. Ellis testified that he had the defendant working for him in his crop at $13 per month. Mr. J. W. White employed the witness to make a tank for him, agreeing to pay him therefor $50, the mare in question to be given in lieu of $25, and the balance in money. The witness employed the defendant to assist him in the construction of the tank, agreeing to give him the mare at the valuation of $23. The witness and the defendant went to White's together and got the mare. The defendant worked on the tank three or four weeks, riding the mare to and from the tank, and staking her out when at work during the day. The witness had trouble with the defendant on the evening before the mare was taken, and ordered him off of the premises, and would have whipped him had he not left when ordered. The witness owed the defendant at this time $10.40, and told him to come to the house next morning for an order on White or the store for the money in settlement. The defendant expressed himself as satisfied with this mode of settlement, and said he had "no interest in the d—d mare." This all occurred after supper, in the presence of witness's family and Mr. Dilworth. The defendant took the mare in the night-time from where the witness had staked her. The witness recovered her, running on the range west of the Guadalupe river. There was a gun at the tank at the time of the difficulty between the witness and the defendant, but it was not in shooting order. The agreement was that the defendant was not to have the mare until he had finished paying the witness for her. After the arrest of the defendant, and while he was under bond, the witness asked him why he had taken the mare, and he replied "because you agreed to let me have her for work, and I have partly paid for her in work."

W. P. Dilworth testified that he was at Ellis's house the night that the mare was taken, and heard the witness Ellis and defendant when they were making their settlement. Ellis told defendant to return next morning and he would give him an order on White or the store for the balance of the money due him. He heard the defendant say that he had no interest in the mare. He heard Ellis tell defendant to go somewhere else and work enough to finish paying for the mare, and then to come and get her. Ellis ordered the defendant to leave the premises, and threatened to whip him if he did not. The two, Ellis and defendant, were quarreling.

J. W. White testified that in June, 1879, he proposed to Ellis to pay him $25 in money and the mare at $25 if he, Ellis, would dig a tank for him. Ellis replied that before he would contract for the work, he would see if he could get the defendant to assist for the mare. In a short time thereafter Ellis and the defendant began work on the tank, and in a few days they came to the house of witness to get the mare. The witness delivered the animal to Ellis with the understanding that the property should not pass until the tank was completed. The defendant rode the mare off. The defendant worked on the tank three or four weeks, but left several days before it was completed.

Willis Arrington testified that the defendant came to his house in July, 1879, riding the mare. He staid there three or four weeks. He traded the mare to the witness, and during the time mentioned the mare ran in the witness's pasture. The mare broke out of the pasture finally, and the witness helped the defendant hunt for her, three days. The witness had known the defendant five or six years, and previous to this prosecution had never known him to be charged with a violation of law.

Neal, Ran, and Gran Satterwhite all testified that, after the sale of the mare by White, the defendant rode her

everywhere he went, and claimed her publicly as his property, purchased by him from Ellis.

*T. H. Spooner*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J.   Appellant was convicted of theft of a horse.

To prove the guilt of the defendant, the learned judge below, in his explanation of a certain bill of exceptions, informs us that "The *State* proved by the witness Arrington that he purchased the horse from defendant. Defendant proposed to prove what he (defendant) said to Arrington at the time, which was objected to, and defendant's counsel persisted and desired to state in the hearing of the jury what he expected to prove by said witness, and I *did not* think the evidence *could* be legitimate for any purpose, and did not think it proper for the counsel to state what he desired to do, in the presence of the jury, and therefore signed his bills, believing that defendant cannot make evidence for himself, no matter what he could prove by the witness."

The fact that defendant was in possession of and sold the horse to witness Arrington clearly shows a recent possession, and unless explained becomes very strong inculpatory evidence against him. His explanations, therefore, of the manner in which he obtained possession of the horse were not only clearly admissible, but a failure to explain frequently becomes an inculpatory fact itself. The State having introduced the possession by the defendant, not only were his explanations admissible but of imperative necessity.

We are of opinion that no rule is better settled and more thoroughly supported by the authorities than the one holding these explanations admissible. The bill of exceptions shows that the counsel for the defendant asked time to prepare his bill at the time. This he had the legal

right to do. Code Crim. Proc. art. 686; Rev. Stats. art. 1358; *Sager* v. *State, ante*, p. 110.

Judging from the other bills on the same subject, we are justified in presuming (and as the judge below denied the defendant's counsel the right to reserve his bill at the time, presumption is the last resort) that the explanations would have been reasonable and complete. The evidence on the part of the State was to the effect that "Ellis had agreed to make a tank for one Mr. White, for which he was to receive fifty dollars,— twenty-five dollars of which was to be paid in the mare." Ellis employed the defendant to assist him, and, after working on the tank for some while, White, who then owned the mare, delivered the same to the defendant in the presence of Ellis. Defendant used and rode the mare as his own property. Defendant worked on the tank for three or four weeks, and finally defendant and Ellis had a difficulty, Ellis driving defendant from his place, using a gun,— the gun not being in shooting order. The defendant disclaimed any right to the mare at the time of the difficulty. And the recent possession of the defendant was shown by the evidence of the witness Arrington. This being the case as made by the State, the explanations of defendant's possession to the witness Arrington were of the first importance,— not only competent evidence but demanded of him by the very nature of the case.

The court, therefore, erred in rejecting these explanations. The theory of the defense, which was strongly supported by the facts, is that of a claim to the property. This defense was utterly ignored by the charge of the court; which was an error.

The judgment is not supported by the evidence which if necessary could be very clearly shown. For the errors above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*